## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL S. ROTELLA, ESQUIRE, and :    CIVIL ACTION
BONNIE ROTELLA, his Wife,      :
       Plaintiffs          :
                           :    NO. 3:20-CV-00966
      vs.                :
                           :    ASSIGNED TO: THE HONORABLE
                           :    ROBERT D. MARIANI
STATE FARM FIRE AND        :
CASUALTY COMPANY,         :
       Defendant          :    JURY TRIAL DEMANDED

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Forry Ullman, files the following Brief in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6):

### I.    STATEMENT OF FACTS

This case involves a request for declaratory judgment and a bad faith claim under a homeowner's policy of insurance.

By way of background, on May 4, 2020, Plaintiffs Paul S. Rotella, Esquire and Bonnie Rotella ("Plaintiffs") instituted the present lawsuit in the in the Court of Common Pleas of Pike County, Pennsylvania. State Farm subsequently removed

the action to this Honorable Court.  A copy of Plaintiffs' Complaint is attached as Exhibit "A" to State Farm's Motion to Dismiss.

In their Complaint, Plaintiffs allege that they insured their home located in Tafton, Pennsylvania with State Farm under a homeowners policy of insurance. (Complaint at ¶¶ 3 and 28). Plaintiffs claim that, "(o)n or about July 16, 2019, the Plaintiffs became aware of a leak in the Plaintiffs' living room ceiling" which they contend was caused by a rupture of a PEX supply line in the bathroom above the living room. (Complaint at ¶¶ 4 and 7).

The Complaint further provides that Plaintiff Bonnie Rotella made a claim to State Farm, that State Farm inspected the damage on or about July 29, 2019, and State Farm denied coverage for the claim because it determined the loss was a result of a long-term leak and not a sudden accidental burst of water. (Complaint at ¶¶ 8 – 13). Plaintiffs disagree with the denial of coverage. (Complaint at ¶¶ 14 – 17).

The Complaint contains two purported Counts: Count I for Declaratory Judgment and Count II for Bad Faith and Breach of Covenant, Good Faith and Fair Dealings pursuant to 42 Pa.C.S. §8371. Count II for bad faith contains conclusory, boilerplate averments essentially alleging State Farm failed to pay Plaintiffs' claim in a bad faith manner. State Farm submits that Plaintiff's Complaint fails to state a valid cause of action for bad faith under Pennsylvania law. Therefore, Count II of

Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a valid cause of action upon which relief may be granted.

The matter is now before this Honorable Court for decision.

## II. ARGUMENT

### A. Standard of Review

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955, 167 L. Ed. 2d 929 (May 21, 2007)).

A claim for relief under Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level." *Ayers v. Osram Sylvania, Inc.*, Civil Action No. 07-1780, 2008 U.S. Dist. LEXIS 72644, at *6 (M.D. Pa. Sept. 24, 2008) (*citing Twombly*, 127 S.Ct. at 1965).

In considering a Rule 12(b)(6) motion, a court must view all the plaintiff's allegations as true and construe all inferences in the light most favorable to the

non-moving party. *Umland v. Planco Fin. Servs.*, Civil Action No. 06-4688, 2008 U.S. App. LEXIS 19225, at *10 (3d Cir. Sept. 9, 2008) (*citing Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). The court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)(citations omitted).

In *Santiago v. Warminster Twp.*, 629 F.2d 121, 129 (3d Cir. 2010), the Third Circuit set forth a three-part inquiry that a court must conduct when presented with a 12(b)(6) motion to dismiss.  First, the court must identify the elements of the claim. *See Malieus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  Next, the court should "review the complaint to strike conclusory allegations." *Id.*  Lastly, the court should "[look] at the well-pleaded components of the complaint and evaluate whether all the elements identified in part one of the inquiry are sufficiently alleged." *Id.*

A complaint does not show entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the prescribed conduct; and (3) the complaint's "factual allegations must be enough to raise a right to relief above the speculative level.").

**B.**     **Plaintiffs Failed to Set Forth a Cause of Action for Bad Faith.**

Plaintiffs have failed to allege bad faith in accordance with the pleading requirements of *Twombly*, *supra.*  The Pennsylvania Bad Faith statute, 42 Pa.C.S. §8371, provides as follows:

> **§ 8371 Actions on insurance policies**
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> > (2) Award punitive damages against the insurer.
> > (3) Assess court costs and attorney fees against the insurer.

As set forth above, pursuant to *Twombly*, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Id. In order to recover under a claim for bad faith, the plaintiff is required to show (1) that the insurer did not have a reasonable basis for denying benefits and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364 (Pa. 2017); *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 437 Pa. Super 108, 649 A.2d 680 (1990), *appeal denied*, 540 Pa. 641, 659 A.2d 560 (1995).  Reckless behavior, as defined by the Third Circuit in *Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.2d 747, 751 (3d Cir. 1994), is

behavior in which the insurer deliberately acts in conscious disregard of, or with indifference to the rights of its insured.

In order to establish a claim for bad faith, the insured has the burden of proving his or her allegations by "clear and convincing evidence." *Polselli v. Nationwide Mutual Fire Insurance Co.*, 126 F.3d 524, 528 (3d Cir. 1997); *Terletsky*, 649 A.2d at 688. The standard "requires a showing by the plaintiff that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendant acted in bad faith." *Bostick v. ITT Hartford Grp., Inc.*, 56 F. Supp.2d 580, 587 (E.D.Pa. 1999).

Here, the essence of Plaintiffs' argument is that they disagree with State Farm's coverage decision. In particular, Plaintiffs believe their loss is a covered loss under the homeowners policy of insurance, and State Farm investigated the claim and determined that the loss does not fall within the coverage provided by the policy. Such a disagreement, however, does not provide a basis for a bad faith claim. It is well-established that an insurer is permitted to be wrong in its coverage position. Mere negligence or bad judgment on the part of the insurer is insufficient to constitute bad faith. *See Terletsky, supra; Hyde Athletic Industries, Inc. v. Continental Casualty Co.*, 969 F.Supp. 289 (E.D.Pa. 1997); *Jung v. Nationwide Mutual Fire Ins. Co.*, 949 F.Supp. 353 (E.D.Pa.1997); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*,  No. 15-0077 (May 28, 2015 (Buckwalter, S.J.))

There are no facts in the Complaint to suggest that State Farm acted without a reasonable basis, or with the knowledge that it lacked a reasonable basis in denying Plaintiffs' property damage claim. To the contrary, the relevant "facts" as averred by Plaintiffs are as follows:

(1) Plaintiffs' home was insured under a homeowners insurance policy issued by State Farm;

(2) on or about July 16, 2019 Plaintiffs became aware of a water leak in their living room ceiling;

(3) Plaintiffs' contractor allegedly determined the leak was caused by a rupture of a PEX supply line in the shower head;

(4) Plaintiffs presented a claim to State Farm;

(5) State Farm inspected the loss on or about July 29, 2019;

(6) State Farm denied coverage for the loss, because the loss was a result of a long-term leak and not a sudden accident burst of water as required under the policy;

(7) State Farm also denied coverage because the Plaintiffs' contractor had found rot and mold as a result of a drain leak;

(8) Plaintiffs disagree with State Farm's coverage determination;

(9) Plaintiffs had a mold test conducted in their home which purportedly found no mold in the home.  (We note that only page 3 of 5 of the report is

attached to Plaintiffs' Complaint, and page 3 denotes some level of mold in the living room ceiling); and,

(10) Plaintiffs' contractor wrote a letter dated November 28, 2019, stating he thought he observed mold during his original inspection, but after another company removed a section of the ceiling and insulation, he did not find any evidence of mold at his subsequent inspection.

While these allegations arguably set forth a count for breach of insurance contract, they are patently insufficient to support a cause of action for bad faith. Furthermore, Count II of Plaintiffs' Complaint consists entirely of boilerplate, unsupported allegations that State Farm denied their claim in a bad faith manner. Specifically, Plaintiffs allege that State Farm breached its statutory duty of good faith by denying coverage when it knew or should have known Plaintiffs were entitled to coverage; interpreting the policy provisions and factual circumstances so as to resolve ambiguities and certainties against Plaintiffs; misrepresenting unnamed policy coverages and exclusions; failing to provide a reasonable explanation of the basis for non-insurance coverage; failing to advise of all possible basis of coverage; denying coverage on an exclusion which is inaccurate and forcing lengthy and expensive [litigation] to obtain insurance coverage; causing excessive damage for the cost of the investigation, settlement, mitigation and litigation fees; and, acting "with conscious disregard to Plaintiffs' rights and

with the intent to vex, injure and annoy Plaintiffs so as to constitute impression, fraud, or malice justifying punitive and exemplary damages in an amount so they may punish Plaintiffs." (Complaint at ¶34(a)-(h)).

Such conclusory allegations are simply not given any consideration by the Court when deciding a 12(b)(6) motion. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Malieus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The dismissal of Plaintiffs' bad faith claim is consistent with the precedent of the prior determinations of the Federal District Courts of Pennsylvania.  For example, in Atiyeh v. National Fire Insurance Company, 742 F.Supp.2d 591 (E.D.Pa. 2010), the plaintiff accused the defendant insurer of falsely and fraudulently representing that plaintiff had not performed routine maintenance on the premises; unreasonably refused to indemnify plaintiff for his loss; failed to conduct a reasonable investigation; denied benefits without a reasonable basis, knowingly and recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, and asserting policy defenses without a reasonable basis. The Court found that plaintiff's "bare-bones" conclusory allegations do not state a plausible bad faith claim. There was no factual support from which the Court could conclude that the insurer's actions in investigating and evaluating the claim were unreasonable. Atiyeh, 742 F.Supp.2d at 600.

In the analogous case of <u>Pasqualino v. State Farm Mutual Automobile Insurance Co.</u>, No. 15-0077, 2015 WL 3444288, at *3 (E.D.Pa. May 28, 2015)(Buckwalter, S.J.)[1], the Court granted State Farm's Rule 12(b)(6) motion to dismiss the plaintiff's bad faith count. In that case, the plaintiff alleged the insurer's handling of her underinsured motorist (UIM) claim constituted bad faith and set forth a litany of boilerplate allegations, essentially arguing a bad faith failure to fairly investigate, evaluate and pay her claim. She further averred that her insurer caused her to expend money to prosecute her UIM claim and caused her to bear the stress and anxiety associated with litigation, and that she did not agree with the insurer's valuation of the claim and offer to settle. The Court held that the "cursory allegations assert that Defendant [insurer] lacked a reasonable basis for denying Plaintiff's claim for benefits, but did not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." (<u>Id</u>. at *8)(citations and footnote omitted). The Court further reasoned that: "[w]hile such assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-speculative inference that a finding of bad faith is *plausible*" and that Rule 12(b)(6) standards require more. (<u>Id</u>.)

---

[1]   A copy of the <u>Pasqualino</u> Memorandum Opinion is attached hereto as Exhibit A.

The <u>Pasqualino</u> Court noted that "[r]epeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint sets forth 'bare-bones' conclusory allegations that did not provide a factual basis for an award of bad faith damages." (<u>Id</u>. at *5).   For example, in <u>Mozzo v. Progressive Ins. Co.</u>, No. Civ.A. 14-5752, 2015 WL 56740 (E.D.Pa. Jan. 15, 2015), the plaintiff alleged he complied with the investigation of his claim, the insurer capriciously failed to honor the claim, the plaintiff incurred damages and the insurer acted in bad faith in failing to pay his claim. The Court found that "[n]othing in the complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." <u>Id.</u> Accordingly, the Court dismissed the bad faith claim without prejudice.

Likewise, in <u>Robbins v. Metro Life Insurance Company of Connecticut</u>, 2008 U.S.Dist. LEXIS 104902, 2008 WL 541087, at 7-8 (E.D.Pa. Dec. 29, 2008)(Baylson, J.), the plaintiff contended the defendant insurer "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compel[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits."  The Court granted the insurer's motion for judgment on the pleadings on the plaintiff's bad faith claim, finding that the plaintiff failed to provide sufficient facts to support his allegations. <u>See also</u> <u>Eley v. State Farm Ins.</u>

Co., 2011 U.S.Dist. LEXIS 8915, 2011 WL 294031, at 4 (E.D.Pa. Jan. 31, 2011)(relying upon Atiyeh, Court dismissed bad faith claim based on allegations that State Farm failed to negotiate plaintiff's UIM claim in good faith, failed to properly investigate and "such other acts as to be shown through discovery.").

In another analogous decision, Soldrich v. State Farm Fire and Casualty Company, No. 5:15-cv-01438 (E.D.Pa. Nov. 24, 2015), the Court granted State Farm's Rule 12(b)(6) motion to dismiss the plaintiff's bad faith count.[2] In that case, the plaintiff alleged that the defendant insurer failed to properly adjust plaintiff's property damage claim and acted in bad faith by (a) failing to pay the full amount owed to him under the policies; (b) failing to timely pay the amounts owed; (c) scheming to defraud him; (d) recklessly disregarding its obligations under the policy; (e) accepting premiums from him without intending to pay monies owed for covered losses; (f) fraudulently telling him that the losses were not covered despite evidence that they were; (g) claiming that the losses were due to uncovered causes; (h) claiming the losses were due to uncovered causes despite evidence to support a covered loss; (i) unilaterally denying covered losses without proper investigation; (j) falsely misrepresenting its responsibilities under the policy; and (k) unreasonably delayed the handling of the claim and knew or disregarded the fact that it was doing so. The Court found that nothing in the

---

[2] A copy of the Soldrich Memorandum Opinion is attached hereto as Exhibit B.

complaint set forth any facts to support these conclusory allegations, and dismissed the bad faith claim.

Similarly, in <u>Smith v. State Farm Mutual Automobile Insurance Co.</u>, 506 F.App'x 133 (3d Cir. 2012), the Third Circuit found that the complaint consisted of "conclusory statements unsupported by facts" alleging the insurer breached covenants of good faith and fair dealing, engaged in unfair settlement negotiations, misrepresented coverages in the policy, and misrepresented facts and its evaluation of the claim. <u>Id</u>. at 136. However, there were no details describing what was unfair about the negotiations, or what the alleged misrepresentations may have been. The Third Circuit also found that the "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." <u>Id</u>. at 137. As such, the Court dismissed the bad faith claim.

Here, as in the above cited cases, there are no facts to demonstrate or explain how State Farm purportedly acted in a bad faith manner, and Plaintiffs' unsupported accusations and conclusions are insufficient to set forth a valid claim for bad faith under Pennsylvania law. There are no facts to make the accusations plausible on their face. To the contrary, this action involves a legitimate dispute regarding coverage for Plaintiff's property damage claim, wherein State Farm denied the claim. There is no evidence that State Farm's position is unreasonable.

Therefore, Count II of Plaintiffs' Complaint should be dismissed for failure to state a valid cause of action pursuant to Rule 12(b)(6).

## III.   <u>CONCLUSION</u>

In view of the foregoing, Defendant, State Farm Fire and Casualty Company, respectfully requests that its Motion to Dismiss be GRANTED and Count II (Bad Faith and Breach of  Covenant, Good Faith and Fair Dealings) of Plaintiffs' Complaint be DISMISSED.

Respectfully submitted,

**FORRY ULLMAN**

Dated:  7/6/2020          By:    */s/ Gary A. Drakas*
                                 **GARY A. DRAKAS, ESQUIRE**
                                 *Attorney ID No. 73440*
                                 *Attorneys for Defendant*
                                 One Bethlehem Plaza
                                 Broad & New Streets, Suite 400
                                 Bethlehem, PA 18018
                                 610.332.3400 / FAX 610.332.3401
                                 gdrakas@forryullman.com

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL S. ROTELLA, ESQUIRE, and,: | CIVIL ACTION |
| BONNIE ROTELLA, his Wife, : | |
| Plaintiffs : | |
| : | NO.  3:20-CV-00966 |
| vs. : | |
| : | ASSIGNED TO: THE HONORABLE |
| : | ROBERT D. MARIANI |
| STATE FARM FIRE AND : | |
| CASUALTY COMPANY, : | |
| Defendant : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of July, 2020, a true and correct copy of the Brief in Support of State Farm's Motion to Dismiss Plaintiff's Complaint was filed electronically and are available for viewing on the Court's ECF system.  The following counsel of record for the Plaintiffs is a registered ECF user and service was effectuated electronically:

Thomas F. Farley, Esquire
Farley & Bernathy, LLC
406 Broad Street
Milford, PA 18337

This statement is made subject to the penalties of 18 U.S.C. §1621, relating to perjury.

**FORRY ULLMAN**

Dated:  07/6/2020          By:   */s/ Gary A. Drakas*
**GARY A. DRAKAS, ESQUIRE**
*Attorney ID No. 73440*
*Attorneys for Defendant*
One Bethlehem Plaza
Broad & New Streets, Suite 400
Bethlehem, PA 18018
610.332.3400 / FAX 610.332.3401
gdrakas@forryullman.com