

EXHIBIT
B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM C. SOLDRICH,

           Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

           Defendant.

No. 5:15-cv-01438

## MEMORANDUM OPINION

Defendant's Motion to Dismiss, ECF No. 3 – Granted

Joseph F. Leeson, Jr.                                           November 24, 2015
United States District Judge

      Presently before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss, ECF No. 3. For the following reasons, the Court grants Defendant's Motion.

I.      Background[1]

      Plaintiff owns three residential properties located at 1020, 1022, and 1024 2nd Street in North Catasauqua, Pennsylvania, which are insured under policies issued by Defendant. Compl. ¶¶ 9-10, 13, ECF No. 1. The policies include coverage for the risk of direct physical loss, including collapse, to the dwellings and to personal property. Id. ¶¶ 15-16.

      On or about March 22, 2014, the properties at 1020 and 1022 2nd Street suffered "catastrophic losses" due to collapse, causing extensive damage to both dwellings. Id. ¶¶ 20-21,

---

[1]     This account accepts as true all well-pleaded factual allegations made in the complaint. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

1

23. On March 23, 2014, the Borough of North Catasauqua condemned all three of Plaintiff's properties "for foundation collapse and potential danger until required repairs [were] made." Id. ¶ 24. Plaintiff promptly submitted an insurance claim to Defendant for the damage to the properties from the collapse. Id. ¶¶ 22, 25. After Defendant's adjuster evaluated the damage to Plaintiff's properties, Defendant denied all coverage, despite Plaintiff's compliance with his obligations under the policies. Id. ¶¶ 27-29.

Based on these allegations Plaintiff brings three claims against Defendant: breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and a violation of Pennsylvania's bad faith statute, 42 Pa. Stat and Cons. Stat. Ann. § 8371 (West 2007), (Count III). For each of these claims, Plaintiff seeks compensatory damages, consequential damages, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and any other relief this Court deems equitable and just. Id. ¶¶ 45, 52, 62.

## II. Standard of Review

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to

relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III.   Discussion**

**A.   Plaintiff's demand for attorney's fees in Count I is stricken.**

Defendant contends that the Court should strike Plaintiff's demand for attorney's fees from Count I of the Complaint because such fees are not recoverable for a breach of contract action under Pennsylvania law. Def.'s Mot. Dismiss 4. Plaintiff responds that Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371, expressly authorizes the recovery of attorney's fees when an insurer has acted in bad faith toward an insured. Pl.'s Mem. Supp. Opp'n Def.'s Mot. Dismiss 4, ECF No. 5. Accordingly, Plaintiff contends that if he prevails on his bad faith claim in Count III, he may recover fees for hours expended on his breach of contract claim in Count I. Id.

In St. Clair v. State Farm Fire & Casualty Co., No.15-0538, 2015 WL 2118975 (E.D. Pa. May 6, 2015), the court addressed this same argument. In St. Clair, the court concluded that although the plaintiff was correct that she could collect attorney's fees for a breach of contract claim if she prevailed on her bad faith claim, this "does not empower her to collect attorney fees for [her breach of contract claim] standing alone." Id. at *2. Likewise here, if Plaintiff prevails on his breach of contract claim, but not on his bad faith claim, he cannot recover attorney's fees for the hours expended on the former claim. See id. Accordingly, the Court strikes Plaintiff's demand for attorney's fees from Count I, but Plaintiff is permitted to pursue attorney's fees under Count III. See id.; see also Getz v. State Farm Ins. Co., No. 3:12-CV-82, 2012 WL 5288795 at *2 (W.D. Pa. Oct. 24, 2012) (concluding that it was proper to strike the demand for attorney's fees from the plaintiff's breach of contract count in the complaint but permit the plaintiff to pursue attorney's fees in his bad faith count).

**B.     Plaintiff's claim in Count II for breach of the implied covenant of good faith and fair dealing is dismissed.**

In Count II of the Complaint, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing, which includes "duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered loses." Compl. ¶ 48.

"[U]nder Pennsylvania law, the implied covenant of good faith does not allow for a cause of action separate and distinct from a breach of contract claim." Burton v. Teleflex Inc., 707 F.3d 417, 432 (3d Cir. 2013). Moreover, as Defendant points out, Plaintiff supports his implied covenant claim with the same allegations that he employs to support his Section 8371 claim in Count III. "In examining the implied duty of good faith in Pennsylvania, the Third Circuit has held that 'a party is not entitled to maintain an implied duty of good faith claim where the

allegations of bad faith are 'identical to' a claim for 'relief under an established cause of action.'" St. Clair, 2015 WL 2118975, at *3 (quoting Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 91–92 (3d Cir. 2000)). For these reasons, the Court dismisses Plaintiff's claim in Count II.

### C. Plaintiff's claim in Count III for a violation of 42 Pa. Cons. Stat. § 8371 is dismissed without prejudice.

In Count III of the Complaint, Plaintiff alleges that Defendant's actions in handling Plaintiff's insurance claim constituted "bad faith" within the meaning of 42 Pa. Cons. Stat. § 8371. Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.[2]

Section 8371 does not define "bad faith," but the United States Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would follow the definition of bad faith, and test for liability, set out by the Pennsylvania Superior Court in Terletsky v. Prudential Property & Casualty Insurance Co., 649 A.2d 680 (Pa. Super. Ct. 1994). See Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 498 (3d Cir. 2015). Terletsky defined "bad faith" as

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

---

[2]  Section 8371 "does not provide for the award of compensatory damages, which, if sought, must be recovered based on other theories." Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 498 (3d Cir. 2015). Accordingly, the Court strikes Plaintiff's demand for compensatory and consequential damages from Count III of the Complaint.

649 A.2d at 688 (quoting Black's Law Dictionary 139 (6th ed. 1990)). "To recover under section 8371, a plaintiff must show by clear and convincing evidence that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." Wolfe, 790 F.3d at 498 (citing Terletsky, 649 A.2d at 688).

"Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth 'bare-bones' conclusory allegations that did not provide a factual basis for an award of bad faith damages." Pasqualino v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 15-0077, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015). For example, in Mozzo v. Progressive Ins. Co., No. CIV.A. 14-5752, 2015 WL 56740 (E.D. Pa. Jan. 5, 2015), the plaintiff alleged that:

> (1) he complied with all relevant requests attributable to the investigation of this claim and requests that his claim be covered; (2) the defendant arbitrarily and capriciously failed to honor its contractual obligations; (3) as a result of the defendant's failure to honor its obligations, the plaintiff incurred and continued to incur damages; and (4) the defendant acted in bad faith in failing to honor the plaintiff's claim.

Id. at *3. The Court found that "[n]othing in the complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." Id. Accordingly, the Court dismissed the bad faith claim without prejudice.

In his Complaint, Plaintiff alleges that Defendant has failed to properly adjust Plaintiff's claim and has acted in bad faith by (a) failing to pay the full amount owed to him under the policies; (b) failing to timely pay the amounts owed; (c) scheming to defraud him; (d) recklessly disregarding its obligations under the policy; (e) accepting premiums from him without intending to pay monies owed for covered losses; (f) fraudulently telling him that the losses were not covered despite evidence that they were; (g) claiming that losses were due to uncovered causes

7

despite having no evidence to support that contention; (h) claiming that losses were due to uncovered causes despite evidence to support a covered loss; (i) unilaterally denying covered losses without proper investigation; and (j) falsely misrepresenting its responsibilities under the policy. Comp. ¶ 56. Furthermore, Plaintiff alleges that Defendant unreasonably and unjustifiably delayed the handling of Plaintiff's insurance claim and knew or disregarded the fact that it was doing so. Id. ¶¶ 57-59. This failure to process the Plaintiff's claims in a reasonable matter, Plaintiff alleges, amounts to bad faith by the Defendant. Id. ¶¶ 61.

As in Mozzo, nothing in the Complaint sets forth any facts to support these conclusory allegations. For example, Plaintiff alleges that Defendant "unreasonably delayed the handling of the Plaintiff's insurance claims," but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of his claims and the date that Defendant responded to them. "Essentially, Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." Pasqualino, 2015 WL 3444288, at *5 (footnote omitted). Accordingly, the Court dismisses Plaintiff's bad faith claim without prejudice.

**IV. Conclusion**

For the reasons stated above, the Court strikes Plaintiff's demand for attorney's fees from Count I of the Complaint and dismisses Counts II and III. Plaintiff is permitted leave to amend his Complaint to correct the deficiencies the Court has identified in his bad faith claim in Count III. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

Case 5:15-cv-01438-JFL   Document 7   Filed 11/25/15   Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. SOLDRICH,<br>        Plaintiff,<br>       v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br>        Defendant. | No. 5:15-cv-01438 |

## ORDER

**AND NOW,** this 24th day of November, 2015, upon consideration of Defendant's Motion to Dismiss, ECF No. 3, and for the reasons set forth in the accompanying Memorandum Opinion issued this date, **IT IS HEREBY ORDERED** that Defendant's Motion, ECF No. 3, is **GRANTED**, as follows:

1. Plaintiff's demand for attorney's fees in Count I of the Complaint is **STRICKEN**;

2. Count II of the Complaint is **DISMISSED**;

3. Count III of the Complaint is **DISMISSED** without prejudice. Plaintiff may amend Count III of the Complaint in accordance with the accompanying Memorandum Opinion no later than **Tuesday, December 15, 2015.**

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge