THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL S. ROTELLA, ESQ. and
BONNIE ROTELLA,

        Plaintiffs,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

: 3:20-CV-966
: (JUDGE MARIANI)

## ORDER

The background of this Order is as follows:

On June 15, 2020, Defendant State Farm Fire and Casualty Company removed the above-captioned action from the Court of Common Pleas of Pike County. (*See* Doc. 1). Count I of Plaintiffs' Complaint requests Declaratory Judgment and Count II asserts "Bad Faith and Breach of Covenant, Good Faith and Fair Dealings" pursuant to 42 Pa.C.S.A. § 8371. (Doc. 2).

Defendant filed a Motion to Dismiss on June 22, 2020 (Doc. 5) and thereafter an accompanying brief in support (Doc. 7), requesting that Count II of Plaintiffs' Complaint be dismissed. As of the date of this Order, Plaintiffs have failed to file a brief in opposition to this motion.

However, on July 14, 2020, Plaintiffs filed a Motion to Remand (Doc. 8), asserting that the court lacks subject matter jurisdiction "in that there is no diversity, as well as the

amount in controversy does not match the amounts required for Federal jurisdiction" (*id.* at ¶ 8). Plaintiffs did not file a brief in support of their motion.[1] Further, the motion itself is devoid of any clear and specific factual and legal arguments in support of Plaintiffs' position. Plaintiffs' motion does not explain why they contend that diversity does not exist, nor does it specifically dispute State Farm's assertion in its notice of removal that it is "an Illinois corporation . . . with its principal place of business located [in] . . . Illinois," (Doc. 1, ¶ 13). The motion additionally does not address why the amount in controversy does not exceed $75,000 where they have requested contractual damages in the amount of $41,421.79 as well as punitive damages and attorneys' fees.[2]

Pursuant to the Middle District of Pennsylvania Local Rules, "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." M.D. Pa. L.R. 7.5. In addition, the Middle District of Pennsylvania Local Rules specify that "[a]ny party opposing any motion . . . shall file a

---

[1] Although Defendant filed a brief in opposition to Plaintiffs' motion to remand, this does not excuse Plaintiffs' failure to file a supporting brief. Furthermore, Defendant, in its brief in opposition to the motion to remand, specifically cited to Plaintiffs' failure to file a supporting brief as one basis for denying the motion or deeming it withdrawn. (*See* Doc. 9, at 3-4). Despite this notice, Plaintiffs did not file any response to Defendant's brief in opposition or attempt to cure this defect.

[2] *See e.g., Minissale v. State Farm Fire & Cas. Co.*, 988 F.Supp.2d 472, 476 (E.D. Pa. 2013) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Moreover, in calculating the amount in controversy, we must consider potential attorney's fees. It is undisputed that punitive damages and attorneys' fees are available under 42 Pa. Cons. Stat.Ann. § 8371 and there is no cap on the amount that can be recovered.") (internal quotation marks and citations omitted).

brief in opposition within fourteen (14) days after service of the movant's brief." M.D. Pa. L.R. 7.6. "Any party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.*

**ACCORDINGLY, THIS** \_\_\_6th\_\_\_ **DAY OF NOVEMBER, 2020, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Remand (Doc. 8) is **DEEMED WITHDRAWN** for failure to file a supporting brief.

2. Within **7 days of the date of this Order**, Plaintiffs shall **SHOW CAUSE** why this Court should not deem Defendant's Motion to Dismiss (Doc. 5) unopposed.

Robert D. Mariani
United States District Judge

3